```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
REMSEN FUNDING CORPORATION OF NEW YORK,  :
                    Plaintiff,           :
                                         :      06 Civ. 15265 (DLC)
             -v-                         :
                                         :         MEMORANDUM
OCEAN WEST HOLDING CORPORATION,          :       OPINION & ORDER
                    Defendant.           :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:

Anton J. Borovina
Borovina & Marullo PLLC
445 Broad Hollow Rd.
Melville, NY 11747

DENISE COTE, District Judge:

On July 14, 2008, the Court entered a default judgment in favor of the plaintiff Remsen Funding Corporation of New York ("RFC") and referred the matter to Magistrate Judge Henry Pitman for an inquest and Report and Recommendation ("Report") as to damages. On January 14, 2009, Judge Pitman issued his Report. Neither party has submitted objections to the Report. For the following reasons, the Report's recommendations are adopted and judgment entered against defendant Ocean West Holding Corporation ("OWHC").[1]

---

[1] OWHC is now known as AskMeNow Inc. ("AMN"). All references to OWHC in this Order and Opinion also apply to AMN.

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  Figueroa v. Riverbay Corp., No. 06 Civ. 5364 (PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (citation omitted).

The factual background and procedural history of this action were outlined in the Court's November 1, 2007 Opinion and Order, familiarity with which is assumed.  See Remsen Funding Corp. v. Ocean West Holding Corp., 2007 WL 3254403 (S.D.N.Y. 2007).  In sum, plaintiff alleged that OWHC breached a contract, pursuant to which RFC was to provide financial services and OWHC was to provide RFC with compensation, including warrants to purchase 300,000 shares of common stock of OWHC within a fixed price range.  RFC fulfilled its obligations, but OWHC did not.

The Report makes the following recommendations as to damages to be recovered for RFC's claim.[2]  First, the Report correctly applied the rule that for a breach of contract based

---

[2] Although RFC's second amended complaint sought specific performance, a declaratory judgment, and money damages, its July 18, 2008 submission to Magistrate Judge Pitman addressed only its claim for money damages.  The remaining requests for relief were therefore abandoned.

on a failure to issue a warrant damages are calculated by comparing the warrant's strike price to the market price of the stock on the date of attempted exercise.  Hermanowski v. Acton Corp., 729 F.2d 921, 922 (2d Cir. 1984); accord Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 262 (2d Cir. 2002).  The Report also correctly applied Fed. R. Civ. P. 54(c) to limit RFC's damages to the amount sought in the second amended complaint, especially in light of RFC's failure to argue that it deserved damages exceeding that amount.  The Report therefore recommends an award of $525,000 for the principal sum.

Second, the Report correctly recommends an award of prejudgment interest at the New York statutory rate of nine percent per year, compounded annually.  See N.Y. C.P.L.R. §§ 5001(a), 5004.  "[U]nder New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract.  N.Y. C.P.L.R. § 5001(a) makes such interest mandatory."  New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 606 (2d Cir. 2003) (citation omitted).  The Report therefore recommends an award of $141,750 in prejudgment interest for the period of January 18, 2006 to January 18, 2009.  It further recommends an award of prejudgment interest in the amount of $129.45 per day between January 18 and the date of this Order, which amounts to

$10,614.90. The total interest recommended therefore is $152,364.90.[3]

The Court perceives no clear error in the Report's recommendations. A judgment will therefore be entered against OWHC, now known as AMN, in the amount recommended.

CONCLUSION

Finding no clear error in Magistrate Judge Pitman's Report, the Report is adopted. The Clerk of Court shall enter judgment against OWHC, now known as AMN, for the principal sum of $525,000 in compensatory damages, together with interest in the amount of $152,364.90, for a grand total of $677,364.90. The Clerk of Court shall also close the case. The parties' failure to file written objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

SO ORDERED:

Dated:   New York, New York
         March 31, 2009

                                        DENISE COTE
                          United States District Judge

---

[3] The Report recommends awarding costs, but RFC did not address this issue in its July 18 submission to Magistrate Judge Pitman concerning the damages inquest, and Magistrate Judge Pitman does not recommend an amount for this award of costs. This Order, therefore, does not award any costs.

4